56      181
a171 NY 692

John W. Dunican, Respondent, *v.* Union Railway Company of New York City, Appellant.

*Testimony as to the speed of a car given by a witness after he has stated that he cannot tell what it was — an objection that a witness did not qualify as an expert is not available for the first time on appeal.*

The fact that a witness when asked how fast a car was traveling at a certain time replies that he cannot tell, does not disqualify him, upon being pressed for an answer, from testifying that in his judgment it was traveling at a particular speed; his avowal of ignorance does not affect the competency of his subsequent testimony, but only the weight to be given to it.

The objection that the witness did not qualify as an expert is not available for the first time on appeal.

Van Brunt, P. J., and McLaughlin, J., dissented.

Appeal by the defendant, the Union Railway Company of New York City, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 21st day of April, 1900, upon the verdict of a jury for $752.06, and also from an order entered in said clerk's office on the 18th day of May, 1900, denying the defendant's motion for a new trial made upon the minutes.

*Eugene Treadwell*, for the appellant.

*Willard U. Taylor*, for the respondent.

Rumsey, J.:

This case was before the court on an appeal from a former trial at which the complaint was dismissed. Upon that appeal we held that the testimony offered by the plaintiff was sufficient to require the submission of his case to the jury. (*Dunican* v. *Union Ry. Co.*, 39 App. Div. 497.) Within the rules there laid down the plaintiff would be entitled to recover unless the evidence of the defendant was so preponderating as to show that the jury were not warranted in believing the case to be as represented by the plaintiff's witnesses. There was no such preponderance of the evidence, and, therefore, if there was no error upon the trial the judgment and order should be affirmed upon the authority of the former decision.

But the defendant claims that there was a fatal error in the admission of testimony which entitled it to a reversal of this judgment. It was important for the plaintiff to show the rate of speed at which the car was moving as bearing upon the negligence of the defendant. For the purpose of showing that fact the plaintiff put upon the stand a witness named Bernard, who had been in the employ of the defendant, but in what particular capacity does not appear. Bernard having testified as to some matters was asked, " How fast was this car coming when it hit Dunican ? " To which he answered, " I couldn't tell you how fast — I know it struck him." The question was then asked, " How fast was it going, as near as you can judge ? " To this objection was made on the ground that the witness had stated that he could not tell. This objection was overruled, an exception was taken, and the witness was permitted to answer, " About fourteen miles an hour."

It is claimed that this was error and that the question ought to have been excluded for two reasons : In the first place that he was not competent to answer because he was not qualified as an expert to testify. To this the complete answer is that no such objection was taken at the trial ; and if it had been it might have been met and the witness qualified. In the second place it is objected that he had testified that he did not know the speed. This did not go to his competency, but simply to the weight to be given by the jury to his judgment. It is not at all unusual for a witness, upon being asked a question, to reply that he does not know, either because he has misunderstood the question or does not feel sure of the fact but, upon being pressed, to give an answer showing that he does know and has judgment as to the matter. Certainly, to answer that he does not know does not disqualify a witness if, upon the question being repeated, his answer shows that he has a judgment as to the matter which he is asked about. We see no error in the ruling complained of, and for that reason the judgment and order must be affirmed, with costs.

PATTERSON and O'BRIEN, JJ, concurred ; VAN BRUNT, P. J., and McLAUGHLIN, J., dissented.

Judgment and order affirmed, with costs.